1  **SINNETT LAW, APC.**
2  Wayne A. Sinnett (SBN: 302987)
   ws@sinlegal.com
3  444 West C Street, Suite 230
4  San Diego, CA 92101
   Tel: (619) 752-0703
5  Fax: (619) 330-2120
6  *Attorney for Plaintiff*
7
8              **UNITED STATES DISTRICT COURT**
9              **CENTRAL DISTRICT OF CALIFORNIA**
10

| | |
|---|---|
| 11  **TOMMY CONTRERAS,** an individual, | **Case No.:** 5:16-CV-2678 |
| 12 | **COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR VIOLATIONS OF:** |
| 13 | |
| 14              Plaintiff, | **1. THE CALIFORNIA IDENTITY THEFT ACT, CAL. CIV. CODE § 1798.93, ET SEQ.;** |
| 15              v. | |
| 16 | **2. THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL. CIV. CODE § 1788, ET SEQ.;** |
| 17  **KOHL'S DEPARTMENT STORES, INC.; CAPITAL ONE, N.A.; TRANS UNION, LLC.; EXPERIAN INFORMATION SOLUTIONS, INC.; EQUIFAX INFORMATION SERVICES, LLC.; T-MOBILE USA, INC.; SEARS, ROEBUCK AND CO. INC.; CITIBANK, N.A.; BLUESTEM BRANDS, INC. d/b/a FINGERHUT; and WEBBANK. INC. ,** | **3. THE CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT, CAL. CIV. CODE § 1785, ET SEQ.;** |
| 18 | |
| 19 | |
| 20 | |
| 21 | **4. THE FAIR CREDIT REPORTING ACT, 15 U.S.C. § 1681, ET SEQ.** |
| 22 | |
| 23 | |
| 24 | |
| 25              Defendants. | **JURY TRIAL DEMANDED** |
| 26 | |
| 27 | |
| 28 | |

### INTRODUCTION

1. Plaintiff, TOMMY CONTRERAS, ("Plaintiff") is a victim of identity theft. In or around November of 2015, Plaintiff's Kohl's/Capital One credit card was used by an unauthorized and unknown person. Plaintiff immediately contacted law enforcement and filed a police report. [Beaumont Police Dept. Case No. 1512B-4439].

2. Plaintiff disputed the fraudulent and unauthorized transactions (the "Debt(s)") with Defendants KOHL'S and CAPITAL ONE and informed Defendants that he did not incur the Debts but rather that he was a victim of identity theft.

3. On December 17, 2015, Defendants notified Plaintiff that they had completed their investigation into the fraudulent charges, and that Plaintiff was not liable for any payments pertaining to the unauthorized transactions.

4. Nonetheless, Plaintiff continued to receive monthly bills from Defendants demanding payment on the fraudulent Debts despite the fact Plaintiff does not, and has never, owed the fraudulent Debts.

5. Subsequently, Defendants KOHL'S and CAPITAL ONE reported the fraudulent Debts on Plaintiff's credit as Delinquent from April 2016 to the present.

6. In addition, Defendants, T-MOBILE, SEARS, CITIBANK, FINGERHUT, KOHL'S, CAPITAL ONE, FINGERHUT, and WEBBANK, furnished inaccurate information to credit reporting agencies regarding unauthorized transactions and credit inquiries in Plaintiff's name.

7. Plaintiff disputed this inaccurate information with TRANS UNION, EQUIFAX, and EXPERIAN who, along with the furnishers of the credit information, failed to conduct an investigation in responses to Plaintiff's disputes.

8. As alleged herein, Defendants failed to investigate Plaintiff's claims of identity theft and have instead repeatedly attempted to collect and report the

---

fraudulent Debts to credit reporting agencies in violation of: (i) The California Identity Theft Act, ("CITA") Cal. Civ. Code § 1798.93, *et seq.*; (ii) The Rosenthal Fair Debt Collection Practices Act, ("RFDCPA") Cal. Civ. Code § 1788, *et seq.*; (iii) The California Consumer Credit Reporting Agencies Act, ("CCRAA") Cal. Civ. Code § 1785, *et seq.*; and (iv) The Fair Credit Reporting Act, ("FCRA") 15 U.S.C. § 1681, *et seq.*

9.  Plaintiff alleges the following upon personal knowledge as to Plaintiff's own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by Plaintiff's attorney.

10. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

11. Unless otherwise stated, Plaintiff alleges any violations by Defendants were knowing and intentional, and Defendants did not maintain procedures reasonably adapted to avoid such violations.

12. Unless otherwise indicated, any Defendants named in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of Defendants.

13. Unless otherwise stated, all the conduct engaged in by Defendants occurred in the State of California.

14. Unless otherwise stated, any reference to "Defendants" shall refer to all Defendants named in this action.

## PARTIES

15. Plaintiff, TOMMY CONTRERAS, ("Plaintiff") is a natural person who resides in the City of Beaumont, County of Riverside, State of California, from whom a debt collector sought to collect a consumer debt, which was alleged to be due and owing from Plaintiff, and is a "debtor" as that term is defined by Cal. Civ. Code § 1788.2(h).

16. In addition, Plaintiff is a "victim of identity theft" as that term is defined by Cal. Civ. Code § 1798.92(d).

17. Defendant, TRANS UNION, LLC., ("TRANS UNION")  is a Delaware limited liability company that regularly engages in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports and is a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f).

18. Defendant, EXPERIAN INFORMATION SOLUTIONS, INC., ("EXPERIAN") is a California corporation that regularly engages in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports and is a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f).

19. Defendant, EQUIFAX INFORMATION SERIVCES, LLC., ("EQUIFAX") is a Georgia limited liability company that regularly engages in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports and is a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f).

20. Defendant, KOHL'S DEPARTMENT STORES, INC. ("KOHL'S") is a Delaware corporation that regularly and in the ordinary course of business, engages in "debt collection" as that term is defined by Cal. Civ. Code § 1788.2(b) and is therefore a "debt collector" as that term is defined by Cal. Civ. Code § 1788.2(c). Such debt collection is conducted upon debts or alleged debts that are in default at the time of said collection activities.

21. KOHL'S purports to have a claim for, and/or has attempted to collect, money or an interest in property in connection with a transaction procured through identity theft and is therefore a "claimant" as that term is defined by Cal. Civ. Code § 1798.92(a).

///

22. KOHL'S furnishes information to one or more credit reporting agencies and is therefore a "furnisher" as defined by 15 U.S.C. 1681s-2.

23. KOHL'S is a partnership, corporation, association, or other entity, and is therefore a "person" as that term is defined by Cal. Civ. Code § 1785.3(j).

24. Defendant, CAPITAL ONE, N.A., ("CAPITAL ONE") is an unknown business entity operating in the State of California.

25. CAPTIAL ONE regularly and in the ordinary course of business, engages in "debt collection" as that term is defined by Cal. Civ. Code § 1788.2(b) and is therefore a "debt collector" as that term is defined by Cal. Civ. Code § 1788.2(c). Such debt collection is conducted upon debts or alleged debts that are in default at the time of said collection activities.

26. CAPITAL ONE purports to have a claim for, and/or has attempted to collect, money or an interest in property in connection with a transaction procured through identity theft and is therefore a "claimant" as that term is defined by Cal. Civ. Code § 1798.92(a).

27. CAPITAL ONE furnishes information to one or more credit reporting agencies and is therefore a "furnisher" as defined by 15 U.S.C. 1681s-2.

28. CAPITAL ONE is a partnership, corporation, association, or other entity, and is therefore a "person" as that term is defined by Cal. Civ. Code § 1785.3(j).

29. Defendant, T-MOBILE USA, INC., ("T-MOBILE") is a Delaware Corporation.

30. T-MOBILE furnishes information to one or more credit reporting agencies and is therefore a "furnisher" as defined by 15 U.S.C. 1681s-2.

31. Defendant, BLUESTEM BRANDS, INC. d/b/a FINGERHUT, ("FINGERHUT") is a Delaware corporation.

32. FINGERHUT furnishes information to one or more credit reporting agencies and is therefore a "furnisher" as defined by 15 U.S.C. 1681s-2.

33. Defendant, WEBBANK, INC., ("WEBBANK") is a Utah corporation.

34. WEBBANK furnishes information to one or more credit reporting agencies and is therefore a "furnisher" as defined by 15 U.S.C. 1681s-2.

35. Defendant, SEARS, ROEBUCK AND CO., INC., ("SEARS") is a New York corporation.

36. SEARS furnishes information to one or more credit reporting agencies and is therefore a "furnisher" as defined by 15 U.S.C. 1681s-2.

37. Defendant, CITIBANK, N.A., ("CITIBANK") an unknown entity doing business in the State of California.

38. CITIBANK furnishes information to one or more credit reporting agencies and is therefore a "furnisher" as defined by 15 U.S.C. 1681s-2.

39. This case involves money, property, or their equivalent, due or owing or alleged to be due or owing, from a natural person by reason of a consumer credit transaction. As such, this action arises out of a "consumer debt" and "consumer credit" as those terms are defined by Cal. Civ. Code § 1788.2(f).

40. The causes of action stated herein also pertain to Plaintiff's "consumer credit report" as that term is defined by Cal. Civ. Code § 1785.3(c), in that inaccurate credit information was furnished by KOHL'S and CAPITAL ONE to a "consumer credit reporting agency," as that term is defined by Cal. Civ. Code § 1785.3(d), regarding specific transactions and/or experiences pertaining to Plaintiff and Plaintiff's credit worthiness, credit standing, and credit capacity. Such credit information was used or was expected to be used, or collected in whole or in part, for the purposes of serving as a factor in establishing Plaintiff's eligibility for, among other things, credit to be used primarily for personal, family, household and/or employment purposes.

## JURISDICTION AND VENUE

41. This action arises out of Defendants' violations of: (i) The California Identity Theft Act, ("CITA") Cal. Civ. Code § 1798.93, *et seq*.; (ii) The Rosenthal Fair Debt Collection Practices Act, ("RFDCPA") Cal. Civ. Code § 1788, *et seq*.;

(iii) The California Consumer Credit Reporting Agencies Act, ("CCRAA") Cal. Civ. Code § 1785, *et seq.*; and (iv) The Fair Credit Reporting Act, ("FCRA") 15 U.S.C. § 1681, *et seq*.

42. Therefore, jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1367 for supplemental state law claims.

43. The Court has personal jurisdiction over Defendants as Defendants conduct business within the State of California and have purposefully availed themselves of the laws and markets of the State of California and this district.

44. Venue is proper in the United States District Court, Central District of California pursuant to 28 U.S.C. § 1391 as: (i) Plaintiff resides in the County of Riverside, State of California, which is within this judicial district; and (ii) the conduct complained of herein occurred within this judicial district.

## GENERAL FACTUAL ALLEGATIONS

45. At all times relevant, Plaintiff was an individual residing within the State of California.

46. All correspondence referenced herein was sent to Plaintiff at an address located within the State of California.

47. In or around November of 2015, Plaintiff's identity was stolen by an unknown individual. Plaintiff immediately contacted law enforcement and filed a police report (the "Police Report"). [Beaumont Police Dept. Case No. 1512B-4439].

48. Plainitff alleges this individual is responsible for unauthorized changes on this Kohls/Capital One credit card along with numerous fraudulent inquires on Plaintiff's credit report. Allegations pertaining to each are stated below.

## FACTUAL ALLEGATIONS PERTAINING TO
## KOHL'S AND CAPITAL ONE

49. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

///

50. In or around November of 2015, Plaintiff's Kohl's/Capital One credit card was used by an unauthorized individual. Plaintiff immediately contacted Defendants, KOHL'S and CAPITAL ONE, to dispute the unauthorized transactions.

51. On December 17, 2015, Defendants KHOL'S and CAPITAL ONE sent Plaintiff a letter indicating their investigation of the dispute was complete, and that Plaintiff was not liable for any payments on the unauthorized transactions *i.e.* the Debt. Specifically, the letter stated:

> We have investigated your dispute regarding the purchase(s) totaling $743.73. **You are not liable for any payments on those unauthorized transactions** . . .

> Our records have been updated accordingly. All fees and interest charges relating to the amount have been removed and any necessary updates have been sent to all credit reporting agencies.

52. Nonetheless, Plaintiff continued to receive letters (the "Letters") from KOHL'S and CAPITAL ONE demanding payment for the unauthorized transactions and interests and fees charged relating to those transactions. A summary of the Letters is as follows:

| Date of Letter | Balance | Amount Past Due | Amount Demanded |
| --- | --- | --- | --- |
| Oct 21, 2016 | $1,149.03 | $378.00 | $1,149.03 |
| Aug 21, 2016 | $1,039.45 | $251.00 | $1,039.45 |
| Jul 21, 2016 | $986.13 | $190.00 | $986.13 |
| Jun 21, 2016 | $933.81 | $130.00 | $933.81 |
| May 21, 2016 | $882.40 | $72.00 | $992.40 |
| Apr 21, 2016 | $831.94 | $25.00 | $831.94 |
| Mar 21, 2016 | $792.24 | - | $792.24 |
| Feb 21, 2016 | $878.41 | $25.00 | $878.41 |

| | | | |
|---|---|---|---|
| Jan 21, 2016 | $100.97 | - | $100.97 |
| Dec 21, 2015 | $291.11 | - | $291.11 |

53. Each of the KOHL'S and CAPITAL ONE Letters demand payment of different amounts for the unauthorized charges, which are transactions procured though identity theft. Through sending these Letters, KOHL'S and CAPITAL ONE have attempted to collect a debt and/or have claimed an interest in money or property in connection with a transaction procured though identity theft. Thus, KOHL'S and CAPITAL ONE are "claimant[s]" as that term is defined by Cal. Civ. Code § 1798.92(a).

54. Plaintiff has never consented to the use of his card for any of the above referenced transactions and did not incur any of the underlying Debt with KOHL'S or CAPITAL ONE.

55. Simply put, Plaintiff is the victim of identity theft with respect to the Debt and has filed a police report expressly claiming such. The Letters erroneously demand payment in varying amounts for a Debt that Plaintiff does not owe.

55. Through this conduct, KOHL'S and CAPITAL ONE violated: (i) 15 U.S.C. § 1692e by making false, deceptive, or misleading representations in connection with the collection of a debt; (ii) 15 U.S.C. § 1692e(2) by making false representations regarding the character, amount, or legal status of a debt; (iii) 15 U.S.C. § 1692e(10) by using false representations or deceptive means to collect or attempt to collect a debt. These sections are incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, KOHL'S and CAPITAL ONE also violated Cal. Civ. Code § 1788.17.

56. Beginning in April of 2015, and continuing through the present KOHL'S/CAPITAL ONE reported erroneous information regarding the Debt to "consumer credit reporting agencies" as that term is defined Cal. Civ. Code § 1785.3(d). Specifically, KOHL'S and CAPITAL ONE furnished information on Plaintiff's credit report that the Debt was past due. The Debt

was reported as follows: (i) in April 2016, KOHL'S and CAPITAL ONE erroneously reported the Debt as 30 days past due; (ii) in May 2016, KOHL'S and CAPITAL ONE erroneously reported the Debt as 60 days past due; (iii) in June 2016, KOHL'S and CAPITAL ONE erroneously reported the Debt as 90 days past due; (iv) in July 2016, KOHL'S and CAPITAL ONE erroneously reported The Debt as 120 days past due; (v) in August 2016, KOHL'S and CAPITAL ONE erroneously reported the Debt as 120 days past due; (vi) in September 2016, KOHL'S and CAPITAL ONE erroneously reported the Debt as 120 days past due.

57. KOHL'S and CAPITAL ONE continued to report past due account balances to credit reporting agencies as follows: (i) in January of 2016 KOHL'S and CAPITAL ONE reported an account balance of $878; (ii) in February of 2016 KOHL'S and CAPITAL ONE reported an account balance of $792; (iii) in March of 2016 KOHL'S and CAPITAL ONE reported an account balance of $831; (iv) in April of 2016 KOHL'S and CAPITAL ONE reported an account balance of $882; (v) in May of 2016 KOHL'S and CAPITAL ONE reported an account balance of $933; (vi) in June of 2016 KOHL'S and CAPITAL ONE reported an account balance of $986; (vii) in July of 2016 KOHL'S and CAPITAL ONE reported an account balance of $1,039; (viii) in August of 2016 KOHL'S and CAPITAL ONE reported an account balance of $1,093.

58. This information is false, incomplete, and/or inaccurate as Plaintiff did not incur and does not owe the Debt as it is the product of fraud and identity theft. Furthermore, KOHL'S and CAPITAL ONE failed to report the Debt as disputed.

59. KOHL'S and CAPITAL ONE knew, or should have known, the information they furnished was false, incomplete, and/or inaccurate as Plaintiff had disputed the Debt on the basis of fraud and identity theft with KOHL'S and CAPITAL ONE. More importantly, and KOHL'S and CAPITAL ONE's letter

dated December 17, 2015 specifically admits that Plainitff is "not liable for any payments on [the] unauthorized transactions" relating to the Debt.

60. Through this conduct, KOHL'S and CAPITAL ONE violated: (i) 15 U.S.C. § 1692e by making false, deceptive, or misleading representations in connection with the collection of a debt; (ii) 15 U.S.C. § 1692e(2) by making false representations regarding the character, amount, or legal status of a debt; (iii) 15 U.S.C. § 1692e(8) by communicating to any person credit information which is known or which should be known to be false including the failure to communicate that the debt is disputed; (iv) 15 U.S.C. § 1692e(10) by using false representations or deceptive means to collect or attempt to collect a debt. These sections are incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, KOHL'S and CAPITAL ONE also violated Cal. Civ. Code § 1788.17.

61. Through this conduct, KOHL'S and CAPITAL ONE also violated Cal. Civ. Code § 1785.25(a) by furnishing information to consumer credit reporting agencies that KOHL'S and CAPITAL ONE knew or should have known was inaccurate and/or incomplete.

62. On September 19, 2016, Plaintiff submitted a written dispute, which included the Police Report, to KOHL'S and CAPITAL ONE regarding the Debt, informing Defendants that he was the victim of identity theft. KOHL'S and CAPITAL ONE received Plaintiff's dispute on or about September 24, 2016.

63. KOHL'S and CAPITAL ONE have repeatedly demanded payment and claimed an interest in the Debt which is the product of identity theft.

64. Specifically, KOHL'S and CAPITAL ONE sent Plaintiff the Letters demanding payment on the Debt and reported information to credit reporting agencies claiming that the Debt was due and owing. Additionally, the unknown individual who stole Plaintiff's identity attempted to open another fraudulent account in Plaintiff's name and, on December 21, 2016, KOHL'S

and CAPITAL ONE send Plaintiff a letter stating that they could not open said account because Plaintiff "currently [has] a Kohl's account."

65. Therefore, KOHL'S and CAPITAL ONE purport to have a claim for, and/or have attempted to collect, money or an interest in property in connection with a transaction procured through identity theft and are therefore "claimant[s]" as that term is defined by Cal. Civ. Code § 1798.92(a).

66. On September 19, 2016, Plaintiff sent EQUIFAX, TRANS UNION, and EXPERIAN letters disputing the fraudulent Debt being reported by KOHL'S and CAPITAL ONE. These disputes were received on or before September 26, 2016.

67. Plaintiff alleges on information and belief that within five (5) business days of September 26, 2016, EQUIFAX, TRANS UNION, and EXPERIAN forwarded and provided notice of Plaintiff's disputes to KOHL'S and CAPITAL ONE pursuant to 15 U.S.C. § 1681i(a)(2). Therefore, KOHL'S and CAPITAL ONE received notice of Plaintiff's disputes on or before October 3, 2016.

68. KOHL'S and CAPITAL ONE failed to conduct any investigation in response to Plaintiff's disputes. Instead, KOHL'S and CAPITAL ONE simply affirmed the Debt.

69. Through this conduct, KOHL'S and CAPITAL ONE violated: (i) 15 U.S.C. § 1681s-2(b)(1)(A) by failing to conduct an investigation with respect to the disputed information; (ii) 15 U.S.C. § 1681s-2(b)(1)(B) by failing to review all relevant information proved by the consumer reporting agency pursuant to 15 U.S.C. § 1681i(a)(2); (iii) 15 U.S.C. § 1681s-2(b)(1)(C) by failing to report the results of the investigation to the consumer reporting agency; (iv) 15 U.S.C. § 1681s-2(b)(1)(D) by failing to report the incomplete or inaccurate information to all other consumer reporting agencies; and (v) 15 U.S.C. § 1681s-2(b)(1)(E) by failing to modify, delete, or block inaccurate or incomplete information

disputed by a consumer.

## FACTUAL ALLEGATIONS PERTAINING TO T-MOBILE

70. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

71. On February 27, 2016, T-MOBILE initiated an unauthorized credit inquiry of Plaintiff's credit report. This inquiry, and the related transaction, was the product of identity theft, was not authorized by Plaintiff, and in no way involved Plaintiff.

72. On September 19, 2016, Plaintiff sent TRANS UNION a letter disputing T-MOBILE's unauthorized credit inquiry. This dispute was received on or before September 26, 2016.

73. Plaintiff alleges on information and belief that within five (5) business days of September 26, 2016, TRANS UNION forwarded and provided notice of Plaintiff's dispute to T-MOBILE pursuant to 15 U.S.C. § 1681i(a)(2). Therefore, T-MOBILE received notice of Plaintiff's dispute on or before October 3, 2016.

74. T-MOBILE failed to conduct any investigation in responses to Plaintiff's dispute. Instead, T-MOBILE simply affirmed the credit inquiry.

75. Through this conduct, T-MOBILE violated: (i) 15 U.SC. § 1681s-2(b)(1)(A) by failing to conduct an investigation with respect to the disputed information; (ii) 15 U.SC. § 1681s-2(b)(1)(B) by failing to review all relevant information proved by the consumer reporting agency pursuant to 15 U.S.C. § 1681i(a)(2); (iii) 15 U.SC. § 1681s-2(b)(1)(C) by failing to report the results of the investigation to the consumer reporting agency; (iv) 15 U.S.C. § 1681s-2(b)(1)(D) by failing to report the incomplete or inaccurate information to all other consumer reporting agencies; and (v) 15 U.S.C. § 1681s-2(b)(1)(E) by failing to modify, delete, or block inaccurate or incomplete information disputed by a consumer.

## FACTUAL ALLEGATIONS PERTAINING TO SEARS

76. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

77. On January 13, 2016, SEARS initiated, or directed its agent to initiate, an unauthorized credit inquiry of Plaintiff's credit report. This inquiry, and the related transaction, was the product of identity theft, was not authorized by Plaintiff, and in no way involved Plaintiff.

78. On September 19, 2016, Plaintiff sent EQUIFAX a letter disputing SEARS's unauthorized credit inquiry. This dispute was received on or before September 26, 2016.

79. Plaintiff alleges on information and belief that within five (5) business days of September 26, 2016, EQUIFAX forwarded and provided notice of Plaintiff's dispute to SEARS pursuant to 15 U.S.C. § 1681i(a)(2). Therefore, SEARS received notice of Plaintiff's dispute on or before October 3, 2016.

80. SEARS failed to conduct any investigation in responses to Plaintiff's dispute. Instead, SEARS simply affirmed the credit inquiry.

81. Through this conduct, SEARS violated: (i) 15 U.SC. § 1681s-2(b)(1)(A) by failing to conduct an investigation with respect to the disputed information; (ii) 15 U.SC. § 1681s-2(b)(1)(B) by failing to review all relevant information proved by the consumer reporting agency pursuant to 15 U.SC. § 1681i(a)(2); (iii) 15 U.SC. § 1681s-2(b)(1)(C) by failing to report the results of the investigation to the consumer reporting agency; (iv) 15 U.SC. § 1681s-2(b)(1)(D) by failing to report the incomplete or inaccurate information to all other consumer reporting agencies; and (v) 15 U.SC. § 1681s-2(b)(1)(E) by failing to modify, delete, or block inaccurate or incomplete information disputed by a consumer.

///

///

## FACTUAL ALLEGATIONS PERTAINING TO CITI BANK

82. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

83. On January 13, 2016, CITI BANK initiated an unauthorized credit inquiry of Plaintiff's credit report. This inquiry, and the related transaction, was the product of identity theft, was not authorized by Plaintiff, and in no way involved Plaintiff.

84. On September 19, 2016, Plaintiff sent EQUIFAX a letter disputing CITI BANK's unauthorized credit inquiry. This dispute was received on or before September 26, 2016.

85. Plaintiff alleges on information and belief that within five (5) business days of September 26, 2016, EQUIFAX forwarded and provided notice of Plaintiff's dispute to CITI BANK pursuant to 15 U.S.C. § 1681i(a)(2). Therefore, CITI BANK received notice of Plaintiff's dispute on or before October 3, 2016.

86. CITI BANK failed to conduct any investigation in responses to Plaintiff's dispute. Instead, CITI BANK simply affirmed the credit inquiry.

87. Through this conduct, CITI BANK violated: (i) 15 U.SC. § 1681s-2(b)(1)(A) by failing to conduct an investigation with respect to the disputed information; (ii) 15 U.SC. § 1681s-2(b)(1)(B) by failing to review all relevant information proved by the consumer reporting agency pursuant to 15 U.SC. § 1681i(a)(2); (iii) 15 U.SC. § 1681s-2(b)(1)(C) by failing to report the results of the investigation to the consumer reporting agency; (iv) 15 U.SC. § 1681s-2(b)(1)(D) by failing to report the incomplete or inaccurate information to all other consumer reporting agencies; and (v) 15 U.SC. § 1681s-2(b)(1)(E) by failing to modify, delete, or block inaccurate or incomplete information disputed by a consumer.

///

///

## FACTUAL ALLEGATIONS PERTAINING TO FINGERHUT

88. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

89. On December 6, 2015, FINGERHUT initiated, or directed its agent to initiate, an unauthorized credit inquiry of Plaintiff's credit report. This inquiry, and the related transaction, was the product of identity theft, was not authorized by Plaintiff, and in no way involved Plaintiff.

90. On September 19, 2016, Plaintiff sent EQUIFAX a letter disputing FINGERHUT's unauthorized credit inquiry. This dispute was received on or before September 26, 2016.

91. Plaintiff alleges on information and belief that within five (5) business days of September 26, 2016, EQUIFAX forwarded and provided notice of Plaintiff's dispute to FINGERHUT pursuant to 15 U.S.C. § 1681i(a)(2). Therefore, FINGERHUT received notice of Plaintiff's dispute on or before October 3, 2016.

92. FINGERHUT failed to conduct any investigation in responses to Plaintiff's dispute. Instead, FINGERHUT simply affirmed the credit inquiry.

93. Through this conduct, FINGERHUT violated: (i) 15 U.SC. § 1681s-2(b)(1)(A) by failing to conduct an investigation with respect to the disputed information; (ii) 15 U.SC. § 1681s-2(b)(1)(B) by failing to review all relevant information proved by the consumer reporting agency pursuant to 15 U.S.C. § 1681i(a)(2); (iii) 15 U.SC. § 1681s-2(b)(1)(C) by failing to report the results of the investigation to the consumer reporting agency; (iv) 15 U.S.C. § 1681s-2(b)(1)(D) by failing to report the incomplete or inaccurate information to all other consumer reporting agencies; and (v) 15 U.S.C. § 1681s-2(b)(1)(E) by failing to modify, delete, or block inaccurate or incomplete information disputed by a consumer.

///

## FACTUAL ALLEGATIONS PERTAINING TO WEBBANK

94. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

95. On December 6, 2015, WEBBANK initiated an unauthorized credit inquiry of Plaintiff's credit report. This inquiry, and the related transaction, was the product of identity theft, was not authorized by Plaintiff, and in no way involved Plaintiff.

96. On September 19, 2016, Plaintiff sent EQUIFAX a letter disputing WEBBANK's unauthorized credit inquiry. This dispute was received on or before September 26, 2016.

97. Plaintiff alleges on information and belief that within five (5) business days of September 26, 2016, EQUIFAX forwarded and provided notice of Plaintiff's dispute to WEBBANK pursuant to 15 U.S.C. § 1681i(a)(2). Therefore, WEBBANK received notice of Plaintiff's dispute on or before October 3, 2016.

98. WEBBANK failed to conduct any investigation in responses to Plaintiff's dispute. Instead, WEBBANK simply affirmed the credit inquiry.

99. Through this conduct, WEBBANK violated: (i) 15 U.SC. § 1681s-2(b)(1)(A) by failing to conduct an investigation with respect to the disputed information; (ii) 15 U.SC. § 1681s-2(b)(1)(B) by failing to review all relevant information proved by the consumer reporting agency pursuant to 15 U.SC. § 1681i(a)(2); (iii) 15 U.SC. § 1681s-2(b)(1)(C) by failing to report the results of the investigation to the consumer reporting agency; (iv) 15 U.SC. § 1681s-2(b)(1)(D) by failing to report the incomplete or inaccurate information to all other consumer reporting agencies; and (v) 15 U.SC. § 1681s-2(b)(1)(E) by failing to modify, delete, or block inaccurate or incomplete information disputed by a consumer.

///

## FACTUAL ALLEGATIONS PERTAINING TO TRANS UNION

100. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

101. On February 27, 2016, TRANS UNION provided Plaintiff's credit report to T-MOBILE without a permissible purpose.

102. T-MOBILE's inquiry, and the related transaction, was the product of identity theft, was not authorized by Plaintiff, and in no way involved Plaintiff.

103. TRANS UNION allows creditors, including T-MOBILE, access to consumer's credit reports with as little as a name and a social security number. TRANS UNION does little, if anything, to verify that creditors have a permissible purposes for obtaining credit reports.

104. Plaintiff alleges, on information and belief, that as a result T-MOBILE was able to initiate a credit inquiry with nothing more than a Plaintiff's name and social security number.

105. Through this conduct, TRANS UNION violated  15 U.S.C. § 1681e(b) by failing to maintain procedures to assure maximum possible accuracy of the information contained in Plaintiff's credit report; and 15 U.S.C. § 1681b(a) by furnishing a credit report to a person without a permissible purpose.

106. On September 19, 2016, Plaintiff sent TRANS UNION a letter disputing T-MOBILE's unauthorized credit inquiry. This dispute was received on or before September 26, 2016.

107. TRANS UNION failed to conduct any investigation in responses to Plaintiff's dispute. Instead, TRANS UNION simply affirmed the credit inquiry.

108. Through this conduct, TRANS UNION violated: (i) 15 U.S.C §1681i by failing to conduct a reasonable reinvestigation with respect to the Plaintiff's credit dispute; and (ii) 15 U.S.C. § 1681e(b) by failing to maintain procedures to assure maximum possible accuracy of the information contained in Plaintiff's credit report.

## FACTUAL ALLEGATIONS PERTAINING TO EXPERIAN

109. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

110. On November 23, 2015, EXPERIAN provided Plaintiff's credit report to CITI BANK and SEARS without a permissible purpose.

111. CITI BANK's and SEARS' inquiry, and the related transaction, was the product of identity theft, was not authorized by Plaintiff, and in no way involved Plaintiff.

112. EXPERIAN allows creditors, including CITI BANK and SEARS, access to consumer's credit reports with as little as a name and a social security number. EXPERIAN does little, if anything, to verify that creditors have a permissible purposes for obtaining credit reports.

113. Plaintiff alleges, on information and belief, that as a result CITI BANK and SEARS were able to initiate a credit inquiry with nothing more than a Plaintiff's name and social security number.

114. Through this conduct, EXPERIAN violated  15 U.S.C. § 1681e(b) by failing to maintain procedures to assure maximum possible accuracy of the information contained in Plaintiff's credit report; and 15 U.S.C. § 1681b(a) by furnishing a credit report to a person without a permissible purpose.

115. On September 19, 2016, Plaintiff sent EXPERIAN a letter disputing the inaccurate information that KOHL'S and CAPITAL reported concerning the Debt. This dispute was received on or before September 26, 2016.

116. EXPERIAN failed to conduct any investigation in responses to Plaintiff's dispute. Instead, EXPERIAN simply affirmed the inaccurate information that KOHL'S and CAPITAL reported.

117. Through this conduct, EXPERIAN violated: (i) 15 U.S.C §1681i by failing to conduct a reasonable reinvestigation with respect to the Plaintiff's credit dispute; and (ii) 15 U.S.C. § 1681e(b) by failing to maintain procedures to

assure maximum possible accuracy of the information contained in Plaintiff's credit report.

## FACTUAL ALLEGATIONS PERTAINING TO EQUIFAX

118. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

119. On January 13, 2016, EQUIFAX provided Plaintiff's credit report to CITI BANK and SEARS without a permissible purpose.

120. On December 6, 2015, EQUIFAX provided Plaintiff's credit report to FINGERHUT and WEBBANK without a permissible purpose.

121. The CITI BANK, SEARS, FINGERHUT, and WEBBANK inquiries, and the related transactions, were the product of identity theft, were not authorized by Plaintiff, and in no way involved Plaintiff.

122. EQUIFAX allows creditors, including CITI BANK, SEARS, FINGERHUT, and WEBBANK, access to consumer's credit reports with as little as a name and a social security number. EXPERIAN does little, if anything, to verify that creditors have a permissible purposes for obtaining credit reports.

123. Plaintiff alleges, on information and belief, that as a result CITI BANK, SEARS, FINGERHUT, and WEBBANK were able to initiate a credit inquiry with nothing more than a Plaintiff's name and social security number.

124. Through this conduct, EQUIFAX violated 15 U.S.C. § 1681e(b) by failing to maintain procedures to assure maximum possible accuracy of the information contained in Plaintiff's credit report; and 15 U.S.C. § 1681b(a) by furnishing a credit report to a person without a permissible purpose.

125. On September 19, 2016, Plaintiff sent EQUIFAX a letter disputing the inaccurate information that KOHL'S and CAPITAL reported concerning the Debt. The letter also disputed the credit inquires of SEARS, CITI BANK, FINGERHUT, and WEBBANK. This dispute was received on or before September 26, 2016.

126. EQUIFAX failed to conduct any investigation in responses to Plaintiff's dispute. Instead, EQUIFAX simply affirmed the inaccurate information that KOHL'S, CAPITAL ONE, FINGERHUT, and WEBBANK reported.

127. Through this conduct, EQUIFAX violated: (i) 15 U.S.C §1681i by failing to conduct a reasonable reinvestigation with respect to the Plaintiff's credit dispute; and (ii) 15 U.S.C. § 1681e(b) by failing to maintain procedures to assure maximum possible accuracy of the information contained in Plaintiff's credit report.

128. The forgoing instances of Defendants' reporting false, inaccurate, and incomplete credit information, failing to maintain adequate procedures, and failing to investigate Plaintiff's disputes described herein has caused damage to Plaintiff's credit score, credit worthiness, credit standing, and credit capacity. The continued reporting of erroneous, inaccurate, and derogatory information has negatively impacted Plaintiff's attempts to secure credit. As a result of Defendants' conduct, Plaintiff has suffered damages though the denial of credit, by mental and emotional pain and anguish, and humiliation and embarrassment. Plaintiff has further spent several hours and suffered pecuniary loss in attempting to correct Defendants' inaccurate and derogatory reporting, without success.

## FIRST CAUSE OF ACTION FOR VIOLATIONS OF THE CALIFORNIA IDENTITY THEFT ACT ("CITA") CAL. CIV. CODE § 1798.93, ET SEQ.
### [AGAINST KOHL'S AND CAPITAL ONE]

129. Plaintiff incorporates, by reference, all of the above paragraphs of this Complaint as though fully stated herein.

130. The foregoing acts and omissions constitute numerous and multiple violations of the CITA.

///

131.  Plaintiff brings this cause of action pursuant to Cal. Civ. § 1798.93. Plaintiff is the victim of identity theft in connection with the alleged claims of Defendants based upon alleged debts resulting from identity theft.

132.  Plaintiff has provided written notice to Defendants that a situation of identity theft may exist with respect to the Debt. Defendants have failed to investigate Plaintiff's notifications of identity theft. Defendants have continued to pursue its alleged claim against Plaintiff after they were presented with the facts that entitle Plaintiff to a judgment pursuant to Cal. Civ. § 1798.93.

133.  As a result of each and every violation of the CITA, Plaintiff is entitled to actual damages pursuant to Cal. Civ. Code § 1798.93(a)(5); attorney's fees and costs pursuant to Cal. Civ. Code § 1798.93(c)(5); any equitable relief the court deems appropriate pursuant to Cal. Civ. Code § 1798.93(c)(5); and a civil penalty, in addition to any other damages, of up to $30,000.00, from each Defendant, pursuant to Cal. Civ. Code § 1798.93(c)(6).

134.  In addition, plaintiff is entitled to a declaration that he is not obligated to Defendants on any claim under Cal. Civ. Code § 1798.93(c)(1); a declaration that any security interest or other interest Defendants purportedly obtained in the Plaintiff's property in connection with the claim is void and unenforceable, under Cal. Civ. Code § 1798.93(c)(2); an injunction retraining Defendants from collecting or attempting to collect on the claim, from enforcing or attempting to enforce any security interest or other interest in Plaintiff's property in connection with the claim, or from enforcing or executing on any judgment against Plaintiff on the claim under Cal. Civ. Code § 1798.93(c)(3); and the dismissal of any cause of action based on a claim, which arose because of identity theft under Cal. Civ. Code § 1798.93(c)(4).

///

///

///

## SECOND CAUSE OF ACTION FOR VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT ("RFDCPA") CAL. CIV. CODE § 1788, ET SEQ.

### [AGAINST ALL KOHL'S AND CAPITAL ONE]

135. Plaintiff incorporates, by reference, all of the above paragraphs of this Complaint as though fully stated herein.

136. The foregoing acts and omissions constitute numerous and multiple violations of the RFDCPA.

137. Cal. Civ. Code § 1788.17 incorporates the FDCPA (15 U.S.C. § 1692b through 1692j). Therefore, each of stated violations of the FDCPA also constitutes a violation of the RFDCPA (Cal. Civ. Code § 1788.17).

138. As a result of each and every violation of the RFDCPA, Plaintiff is entitled to any actual damages pursuant to Cal. Civ. Code § 1788.30(a); statutory damages for knowing or willful violations in the amount of up to $1,000.00, from each Defendant, pursuant to Cal. Civ. Code § 1788.30(b); and reasonable attorney fees and costs pursuant to Cal. Civ. Code § 1788.30(c).

## THIRD CAUSE OF ACTION FOR VIOLATIONS OF THE CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT ("CCRAA") CAL. CIV. CODE § 1785, ET SEQ.

### [AGAINST KOHL'S AND CAPITAL ONE]

139. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

140. The foregoing acts and omissions constitute numerous and multiple violations of the CCRAA.

141. In the regular course of its business operations, Defendants routinely furnish information to consumer credit reporting agencies pertaining to transactions between Defendants and consumers, so as to provide information to a consumers' credit worthiness, credit standing, and credit capacity.

142. The causes of action stated herein pertain to Plaintiff's "consumer credit report" as that term is defined by Cal. Civ. Code § 1785.3(c), in that inaccurate credit information was furnished by Defendants to a "consumer credit reporting agency," as that term is defined by Cal. Civ. Code § 1785.3(d), regarding specific transactions and/or experiences pertaining to Plaintiff and Plaintiff's credit worthiness, credit standing, and credit capacity. Such credit information was used or was expected to be used, or collected in whole or in part, for the purposes of serving as a factor in establishing Plaintiff's eligibility for, among other things, credit to be used primarily for personal, family, household and employment purposes.

143. Because Defendants are a partnership, corporation, association, or other entity, and are therefore "person[s]" as that term is defined by Cal. Civ. Code § 1785.3(j), Defendants are and always were obligated to not furnish information on a specific transaction or experience to any consumer credit reporting agency if Defendants know or should have known that the information is incomplete or inaccurate, as required by Cal. Civ. Code § 1785.25(a).

144. The forgoing conduct caused Plaintiff damages including, but not limited to, loss of credit worthiness, credit standing, credit capacity and denial of credit.

## FOURTH CAUSE OF ACTION FOR WILLFUL VIOLATIONS OF
## THE FAIR CREDIT REPORTING ACT ("FCRA")
## 15 U.S.C. § 1681, ET SEQ.
### [AGAINST ALL DEFENDANTS]

145. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

146. The foregoing acts and omissions of Defendants constitute numerous and multiple knowing and/or willful violations of the FCRA, including but not limited to each and every one of the above-cited provisions of 15 U.S.C. §

1681, *et seq.*

147. As a result of each and every willful violation of the FCRA, Plaintiff is entitled to actual damages or statutory damages of not less than $100.00 and not more than $1,000.00, from each Defendant, pursuant to 15 U.S.C. § 1681n(a)(1)(A); punitive damages as the court may allow pursuant to 15 U.S.C. § 1681n(a)(2); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681n(a)(3).

### FIFTH CAUSE OF ACTION FOR NEGLIGENT VIOLATIONS OF THE FAIR CREDIT REPORTING ACT ("FCRA") 15 U.S.C. § 1681, ET SEQ.

### [AGAINST ALL DEFENDANTS]

148. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

149. The foregoing acts and omissions of Defendants constitute numerous and multiple negligent violations of the FCRA, including but not limited to each and every one of the above-cited provisions of 15 U.S.C. § 1681, *et seq.*

150. As a result of each and every negligent violation of the FCRA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1681o(a)(1); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681o(a)(2).

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendants, according to such causes of action stated against each Defendant, as follows:

- An award of actual damages, in an amount to be determined at trial, pursuant to Cal. Civ. Code § 1798.93(c)(5);

- An award of any equitable relief the Court deems appropriate, pursuant to Cal. Civ. Code § 1798.93(c)(5);

- A civil penalty of up to $30,000.00, pursuant to Cal. Civ. Code § 1798.98(c)(5) from each Defendant;

- An award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code § 1798.93(c)(5);

- A declaration that Plaintiff is not obligated to Defendants on any claims pursuant to Cal. Civ. Code § 1798.93(c)(1);

- A declaration that any security interest, or other interest, Defendants purportedly obtained in Plaintiff's property, in connection with any claim, is void and unenforceable pursuant to Cal. Civ. Code § 1798.93(c)(2);

- An injunction retraining Defendants from collecting or attempting to collect on the claim, from enforcing or attempting to enforce any security interest or other interest in Plaintiff's property in connection with the claim, or from enforcing or executing on any judgment against Plaintiff on the claim pursuant to Cal. Civ. Code § 1798.93(c)(3);

- The dismissal of any cause of action filed based on a claim, which arose as a result of identity theft pursuant to Cal. Civ. Code § 1798.93(c)(4);

- An award of actual damages, in an amount to be determined at trial, pursuant to Cal. Civ. Code § 1788.30(a);

- An award of statutory damages of $1,000.00, from each Defendant, pursuant to Cal. Civ. Code § 1788.30(b);

- An award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code § 1788.30(c);

- An award of actual damages, in an amount to be determined at trial, pursuant to Cal. Civ. Code § 1785.31(a) and 1785.31(a)(2)(A);

- An award of statutory damages of $5,000.00 per violation, pursuant to Cal. Civ. Code § 1785.31(a)(2)(B);

- An award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code § 1785.31(a)(1) and 1785.31(a)(2)(A);

- As a result of Defendants' willful violations of 15 U.S.C. § 1681, *et seq.*,

an award of actual damages, in an amount to be determined at trial, or statutory damages of not less than $100 and not more than $1,000, from each Defendant, pursuant to 15 U.S.C. § 1681n(a)(1)(A); an award of punitive damages, as the Court may allow, pursuant to 15 U.S.C. 1681n(a)(3); and an award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1681n(a)(3);

- As a result of Defendants' negligent violations of 15 U.S.C. § 1681, *et seq.*, an award of actual damages, in an amount to be determined at trial, pursuant to 15 U.S.C. § 1681o(a)(1); and an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1681o(a)(1);

- That the Court preliminarily and permanently enjoin Defendants from engaging in the unlawful debt collection and credit reporting practices stated herein; and

- Any and all other relief that this Court deems just and proper.

Dated: December 31, 2016                    Respectfully submitted,

**SINNETT LAW, APC.**

By: /s/ WAYNE A. SINNETT
WAYNE A. SINNETT, ESQ.
ATTORNEY FOR PLAINTIFF

# TRIAL BY JURY

151. Pursuant to the Seventh Amendment in the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: December 31, 2016                    Respectfully submitted,

                                            **SINNETT LAW, APC.**

                                            BY: /s/ WAYNE A. SINNETT
                                            WAYNE A. SINNETT, ESQ.
                                            ATTORNEY FOR PLAINTIFF