UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | EDCV 16-2678-JGB (KKx) | Date | December 12, 2017 |
| Title | *Tommy Contreras v. Kohl's Department Stores, Inc., et al.* | | |

Present: The Honorable  KENLY KIYA KATO, UNITED STATES MAGISTRATE JUDGE

| DEB TAYLOR | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** Order (1) Denying Defendant's Motion to Compel without prejudice [Dkt. 72]; and (2) Vacating December 14, 2017 Hearing

## I.
## SUMMARY OF RULING

On November 20, 2017, Defendant Kohl's Department Stores, Inc. ("Defendant" or "Kohl's") filed a Motion to Compel and a Joint Stipulation ("JS") pursuant to Local Rule 37-2. ECF Docket No. ("Dkt.") 72, MTC; Dkt. 73, JS. Defendant seeks to compel production of Plaintiff's settlement agreements with defendants who have been dismissed from the instant action ("Settling Defendants"), which are responsive to Request for Production No. 44. Defendant also requests its reasonable attorney's fees incurred in preparing the Motion to Compel. As set forth below, the Court DENIES Defendant's Motion to Compel without prejudice. The hearing on Defendant's Motion to Compel set for December 14, 2017 is hereby VACATED.

## II.
## RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

On December 31, 2016, Plaintiff filed a Complaint against defendants Kohl's; Capital One, N.A.; TransUnion, LLC; Experian Information Solutions, Inc.; Equifax Information Services, LLC; T-Mobile USA, Inc.; Sears, Roebuck and Co., Inc.; Citibank, N.A.; Bluestem Brands, Inc. d/b/a Fingerhut; and Webbank, Inc. (collectively "Defendants"). Dkt. 1. The Complaint alleges that in November 2015, Plaintiff was the victim of identity theft. Id. ¶ 1. Plaintiff alleges he disputed the fraudulent charges with defendants Kohl's and Capital One and,

on December 17, 2015, they informed him he was not liable for any payments pertaining to the unauthorized charges. Id. ¶¶ 2, 3. Nevertheless, defendants Kohl's and Capital One continued to send Plaintiff bills for the fraudulent transactions and reported the delinquent payments on Plaintiff's credit beginning in April 2016. Id. ¶¶ 4, 5. Plaintiff alleges defendants Kohl's, Capital One, T-Mobile, Sears, Citibank, Fingerhut, and Webbank provided "inaccurate information to credit reporting agencies regarding unauthorized transactions and credit inquiries in Plaintiff's name." Id. ¶ 6. Plaintiff alleges all Defendants, including defendants TransUnion, Equifax, and Experian, failed to investigate Plaintiff's disputes. Id. ¶ 7. Accordingly, Plaintiff alleges defendants Kohl's and Capital One violated the California Identify Theft Act ("CITA") Cal. Civ. Code § 1798.93, et seq.; the Rosenthal Fair Debt Collection Practices Act ("RFDCPA") Cal. Civ. Code § 1788, et seq.; and the California Consumer Credit Reporting Agencies Act ("CCRPAA") Cal. Civ. Code § 1785, et seq. and all Defendants intentionally and/or negligently violated the Fair Credit Reporting Act ("FCRA") 15 U.S.C. § 1681, et seq. Dkt. 1, Compl. Plaintiff seeks actual and statutory damages as well and injunctive relief and attorney's fees. Id. at 25-27.

On March 21, 2017, defendants T-Mobile, Fingerhut, and Webbank were dismissed with prejudice pursuant to the parties' settlement agreements. Dkts. 47, 48. On May 10, 2017, Plaintiff dismissed defendants Sears and Citibank pursuant to the parties' settlement agreements. Dkt. 55. On July 18, 2017, defendant TransUnion was dismissed with prejudice pursuant to the parties' settlement agreement. Dkt. 59. On October 18, 2017, defendant Equifax was dismissed with prejudice pursuant to the parties' settlement agreement. Dkt. 68.

On July 13, 2017, Defendant served Request for Production, Set Two, which included the request at issue, Request No. 44. Declaration of Daniel A. Kaplan ("Kaplan Decl.") ¶ 4. On August 18, 2017, Plaintiff served responses to Defendant's Request for Production, Set Two. Id. On September 8, 2017, the parties met and conferred telephonically and confirmed they were at an impasse regarding Request No. 44. Id. ¶ 5.

After several continuances, the discovery cut-off is currently December 15, 2017 and trial is set for March 13, 2018. Dkts. 50, 70.

On November 20, 2017, Defendant filed the instant Motion to Compel with a Joint Stipulation pursuant to Local Rule 37-2. Dkts. 72, 73. On November 30, 2017, defendants Experian and TransUnion filed a Supplemental Brief in Support of Plaintiff's Opposition to Defendant's Motion to Compel. Dkt. 78. The matter thus stands submitted.

### III.
### LEGAL STANDARD

Federal Rule of Civil Procedure 26(b) provides that parties may obtain discovery regarding:

any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1). A court "must limit the frequency or extent of discovery otherwise allowed" if "the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2)(C)(iii). Therefore, "[r]elevancy alone is no longer sufficient to obtain discovery, the discovery requested must also be proportional to the needs of the case." Centeno v. City of Fresno, No. 1:16-CV-653 DAD SAB, 2016 WL 7491634, at *4 (E.D. Cal. Dec. 29, 2016) (citing In re Bard IVC Filters Prod. Liab. Litig., 317 F.R.D. 562, 564 (D. Ariz. 2016)).

Federal Rule of Civil Procedure 34 governs requests for production of documents. See Fed. R. Civ. P. 34. "A party seeking discovery may move for an order compelling an answer, . . . production, or inspection." Fed. R. Civ. P. 37(a)(3)(B)(iii), (iv). "[A]n evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer or respond." Fed. R. Civ. P. 37(a)(4).

"The party moving to compel bears the burden of demonstrating why the information sought is relevant and why the responding party's objections lack merit." Bluestone Innovations LLC v. LG Elecs. Inc., No. C-13-01770 SI (EDL), 2013 WL 6354419, at *2 (N.D. Cal. Dec. 5, 2013).

**IV.**
**<u>DISCUSSION</u>**

Request No. 44 seeks: "All settlement agreements with any current or former Defendant in this action." JS at 6. Plaintiff objects to Request No. 44 on the following grounds: (a) it seeks discovery of information outside of Plaintiff's possession, custody, or control; (b) attorney-client and/or attorney work product privilege; and (c) confidentiality and/or privilege. Id. Plaintiff's supplemental response elaborates on the confidentiality objection by explaining the settlement agreements are subject to bilateral confidentiality clauses and are not relevant to Plaintiff's remaining claims because the settlements "were based upon separate facts that lead to different violations against different entities" and the remaining claims are "based upon separate injuries." Id. at 7.

The Ninth Circuit has recognized that many courts have granted protective orders to protect confidential settlement agreements. Phillips ex rel. Estates of Byrd v. Gen. Motors Corp, 307 F.3d 1206, 1212 (9th Cir. 2002) (citations omitted). A "strong public policy favoring settlement of disputed claims dictates that confidentiality agreements regarding such settlements not be lightly abrogated." Thomasian v. Wells Fargo Bank, N.A., No. 03:12–cv–01435–HU, 2013 WL 4498667, at *2 (D. Or. Aug. 22, 2013) (quoting Flynn v. Portland Gen. Elec. Corp.,

1989 WL 112802, at *2 (D. Or. Sept. 21, 1989)). Accordingly, "some courts have specifically held in the settlement context that the burden is on the requester to make a particularized or heightened showing that the settlement information sought is relevant and likely to lead to admissible evidence." Peters v. Equifax Info. Servs. LLC, No. EDCV 12-1837-TJH (OPx), 2013 WL 12169355, at *2 (C.D. Cal. Dec. 13, 2013) (citing Centillion Data Sys., Inc. v. Ameritech Corp., 193 F.R.D. 550, 552–53 (S.D. Ind. 1999)) (applying heightened standard and denying defendant's motion to compel production of co-defendants' settlement agreements with plaintiff).

Defendant argues the settlement agreements are necessary to determine (a) "whether Plaintiff has been fully compensated for his alleged injuries," and (b) "the reasonableness of an attorney fee award should Plaintiff prevail on his claims." JS at 8. Defendant argues the settlement agreements are relevant because the "one satisfaction rule" would require offset of any amounts recovered pursuant to the settlement agreements against any potential recovery from Defendant. The "one satisfaction rule" is an "equitable doctrine [which] operates to reduce a plaintiff's recovery from the nonsettling defendant to prevent the plaintiff from recovering twice from the same assessment of liability." Sloane v. Equifax Info. Servs., LLC, 510 F.3d 495, 501 (4th Cir. 2007) (noting that "[a]rguably, the 'one satisfaction rule' does not even apply to FCRA claims," but declining to decide the issue by rejecting defendant's argument that plaintiff's injuries were indivisible).

Defendant cites an out-of-district case in support of its position that the "one satisfaction rule" applies to FCRA cases. Williams v. LVNV Funding, LLC, No. 4:15-CV-2219-KOB, 2017 WL 1331014, at *1 (N.D. Ala. Apr. 11, 2017) (distinguishing Sloane, finding plaintiff suffered a "single, indivisible harm"). However, courts in this district have held there is no equitable offset in FCRA cases. Nelson v. Equifax Info. Servs., LLC, 522 F. Supp. 2d 1222, 1239 (C.D. Cal. 2007) (holding no offset is warranted by virtue of plaintiff's settlement with a co-defendant). In addition, this case appears distinguishable from Williams where evidence was presented that plaintiff could not distinguish between injuries caused by each defendant. Here, Plaintiff argues the violations and injuries therefrom are distinct as to each defendant, JS at 12, and no evidence has been presented at this stage to suggest Plaintiff will be unable to establish distinct injuries.

Therefore, at this time, the Court finds the burden of production is not proportional to the needs of the case prior to a determination of liability. See Fed. R. Civ. P. 26(b); see also Peters, 2013 WL 12169355, at *3 ("Any issue of double recovery or excess recovery can be resolved post-trial."). Accordingly, the Court finds Defendant has failed to make a particularized or heightened showing required to obtain the settlement information. Peters, 2013 WL 12169355, at *4 (citing Centillion Data Sys., Inc., 193 F.R.D. at 552–53). Hence, Defendant's Motion to Compel is DENIED without prejudice.[1]

///

---

[1] Because the court finds production of the settlement agreements at this time is premature, the Court declines to address Plaintiff's remaining objections.



## V.
## CONCLUSION

**IT IS THEREFORE ORDERED** that:

1. Defendant's Motion to Compel and request for attorney's fees is DENIED without prejudice [Dkt. 72];

2. The hearing on Defendant's Motion to Compel set for December 14, 2017 is VACATED.